## Case No. 7,183.

### JAMES et al. v. The SARAH A. BOICE.

[2 Int. Rev. Rec. (1865) 45.]

District Court, S. D. New York.

HELD BY THE COURT: That the libel is only for salvage, and that to maintain it as such, it must be supported by proof that the motives and proceedings of the libelants were in all respects lawful, in good conscience, and meritorious. The maritime code in respect to the allowance of compensation for salvage-services is based upon principles of universal equity and integrity. The law

takes under its own authority of administration property rescued from peril by the aid of strangers, and compels it to satisfy them by a reasonable reward for an honest effort to save it from peril; but it shows no countenance or favor to plunderers. A seizure of wrecked property for culpable plunder, constitutes no lawful salvage. That when the libelants first fell in with the schooner in a helpless state, apparently abandoned and derelict, instead of approaching her with the manifestation of a desire to afford her relief, the whole purpose evinced was to embezzle, confiscate, and appropriate to themselves the ruins of the vessel and her effects, and no evidence is furnished that one individual of the multitude which flocked around the wreck evinced the slightest purpose to save her for the unfortunate proprietors. That the presumption is most forcible that all the libelants who engaged in that wrongful depredation and plunder, were well aware that she was not then a derelict, that her owners resided across the bay, in an adjacent state, and scarcely out of eyesight, and had been the victims of a sudden predatory seizure of their property. That it comports in no sense with the semblance of an honest and fair purpose to save and restore to its true owners a vessel discovered, as this one was by the libelants, to have thereafter followed its remains from day to day, as it floated on a smooth sea and in calm weather, making prey of anything that could be picked from it, till the vessel grounded on the bar. It is suspiciously late for them then to arrogate the position of rightful salvors in possession of the wreck, and claim to be entitled to invoke the law to authorize and confirm to them such a privilege. That on strict rules of pleading, therefore, the action would be dismissible, because there is no proof produced under the libel which sustains the only right averred and claimed by the libelants; but as the owners on demanding that the vessel should be delivered up to them by the libelants avowed a willingness to compensate them for the value of the services rendered by them, as work and labor, to the time when the surrender was demanded, and even to continue the services of James and some others of the libelants, the court sees no objection to considering the case as so opened in its legal issues by that assent, as to permit an account to be taken on a reference as to a quantum meruit allowable to the libelants for such work and labor. Had the respondents elected to put the same to trial upon the single issue of the pleadings upon the record, the decree of the court would logically and justly have been in their favor. But having recognized, on their part, that James and some of his associates had rendered services to the vessel before and after the respondents claimed her surrender to themselves as owners, and having called for the particulars of these services, with an offer to satisfy charges in that respect, which were just, and thus acquiesced in making a reasonable compensation to them; and being persuaded that it is competent to the court to regard the proceedings of the libelants, after the vessel grounded on the bar, or in aid of her reaching that point, to have been work and labor for the benefit of the owners, the court considers it equitable to allow such an amount as may be reported by a commissioner as due them therefor, but without costs, except that the fees of the reference shall be taxed half and half to each party. Order accordingly.